IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RANDY DALE JACKSON**,

      *Petitioner*,

v.                Cause No. 3:24-CV-00353-CWR-LGI

**COMMISSONER BURL CAIN and
PAROLE BOARD CHAIRMAN
JEFFREY BELK,**

      *Respondents*.

## ORDER

On June 17, 2024, Randy Dale Jackson filed a petition for Writ of Habeas Corpus, attributing his ineligibility for parole to constitutional violations under the Equal Protection Clause, the Ex Post Facto Clause, and the Due Process Clause. Docket No. 1 at 5. Specifically, Petitioner asserts that, while eligible for parole at the time of his conviction, subsequent changes to state law bar his ability to obtain parole consideration. *Id.* For relief, Petitioner seeks a "parole hearing and tentative date for parole eligibility as laws existed when [he was] taken into the custody of MDOC." *Id.* at 15.

Respondents filed a Motion to Dismiss, asserting that Petitioner's due process challenges fail to state a cognizable claim, and his ex post facto and equal protection challenges fail to exhaust available state court remedies. Docket No. 12. Petitioner filed a Motion for Stay and Abeyance, requesting that his petition be held in abeyance, rather than dismissed, until he exhausts other available remedies within the Mississippi Department of Corrections. Docket No. 13 at 1. The Magistrate Judge has issued a Report and

Recommendation, where she recommends dismissing Petitioner's habeas petition with prejudice and denying his motion for stay and abeyance as moot. Docket No. 22.

Before the Court are the Magistrate Judge's Report and Recommendation ("R&R"), Docket No. 22, Petitioner Randy Dale Jackson's Motion For Expanding The Record/Supplemental Pleadings, Docket No. 24, Petitioner's Objection to the R&R[1], Docket No. 25, Respondents' Responses to both Petitioner's Motion For Expanding The Record/Supplemental Pleadings and Petitioner's Objection to the R&R, Docket Nos. 27 and 28, and Petitioner's Response in Opposition, Docket No. 30. This Court has reviewed Petitioner's Motion and Objections and concludes that they should be overruled, with the Magistrate's R&R adopted as this Court's own Order.

The legal standard is clear in that, "[w]hen a party objects to a Report and Recommendation, this Court is required to 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Irby v. King*, No. 2:09-CV-204-KS-MTP, 2010 WL 2944673, at *1 (S.D. Miss. July 22, 2010) (quoting 28 U.S.C. § 636(b)(1)). Now, this Court shall examine the entire record and independently address Petitioner's equal protection, ex post facto, and due process claims.

As the Magistrate Judge correctly noted, a proven equal protection claim, "would constitute denial of a cognizable federal right" but Petitioner's present allegations do not adequately state such a claim. Docket No. 22 at 4 (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984)). A successful equal protection claim requires a party to either allege that

---

[1] Petitioner also filed a Motion to Alter Judgment/Amend and Correct. Docket No. 26. This is a duplicate of Petitioner's Objection to the Report and Recommendation. Although styled as a Motion to Amend, Petitioner never identifies the order that he seeks to amend. The Court construes this request as an extension of Petitioner's Objections to the Report and Recommendation filed by the Magistrate Judge, rather than a standalone motion.

a "state actor intentionally discriminated against [them due to] membership in a protected class", or that they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See id*. at 4-5 (quoting *Gibson v. Texas Dep't of Ins.--Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012)). Petitioner's subsequent motions and objections attempt to establish that he has been treated differently than the appellant in *Latoria Brownlee v. State of Miss. & Miss. Dept. of Corrections* among others. --- So. 3d ---, 2025 WL 2218139 (Miss. Ct. App. Aug. 5, 2025); *see* Docket Nos. 24, 25, and 30. These cases, however, are fundamentally different from Petitioner's.

While Latoria Brownlee was similarly convicted of first-degree murder and sentenced to life imprisonment, the State agreed that she should be sentenced with the possibility of parole as part of her plea bargain. *Brownlee*, 2025 WL 2218139 at *1. The court acknowledged that Brownlee's sentence contradicted the plain language of the relevant sentencing statute, Miss. Code Ann. § 97-3-21(1)(a) (Supp. 2024), which states that persons "[c]onvicted of first-degree murder shall be sentenced by the court to imprisonment for life in the custody of the Department of Corrections." *Id*. at 4. However, the court held "that no error occurs when a defendant's sentence is illegally lenient." *Id.* (quoting *Williams v. State*, 158 So. 3d 309, 313 (Miss. 2015)). Therefore, Brownlee was only granted an exception from her statutory parole ineligibility due to a lenient plea deal. Her trial court expressly stated she "shall be eligible for parole" at sentencing. *Id*. at *1. Petitioner Jackson attempts to apply Brownlee's exception to his own sentence and parole eligibility, yet his parole ineligibility remains in effect because he was not granted a similar exception at sentencing.

3

Petitioner also cites additional case law in his response to further bolster his equal protection claim. Docket No. 30 at 2. However, like those allegations addressed in the R&R, these remain too vague and conclusory to support such claims. *See* Docket No. 22 at 4.

Petitioner's ex post facto claim lacks foundation on comparable grounds. As stated in the R&R, "a retroactive change in the law governing parole might violate the Ex Post Facto Clause." *Id*. at 5. However, such change must create "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Cal Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995). Although succeeding amendments to Mississippi's parole statute deny parole eligibility to persons "sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995", an ex post facto violation is not established because Petitioner was not eligible for parole at the time he was convicted. Docket No. 22 at 6 (quoting Miss. Code Ann. § 47-7-3(1)). Therefore, there was no increase in the measure of his punishment.

Petitioner's Objections to the R&R reassert claims presented in his writ; specifically, that he is owed parole consideration under the Due Process Clause because the sentencing court assured him that he would be eligible after serving 85% of his sentence. *See* Docket Nos. 1 and 25. Unfortunately, Petitioner is mistaken. These assurances were offered at Petitioner's pretrial hearing, where he initially intended to plead guilty to manslaughter. Docket No. 22 at 7. Instead, Petitioner was "tried, convicted, and sentenced to life imprisonment for murder," for which there is no guarantee of parole. *Id*.

The R&R accurately sets forth that a habeas petitioner's due process claim must allege that he or she has been deprived of some right secured by the United States Constitution or the laws of the United States, but that there is no constitutionally protected liberty interest granted in Mississippi parole statutes. *Id*. at 4. Petitioner counters this argument by citing

4

*Wansley v. Mississippi Dep't of Corrections*, where this Court found that a habeas petitioner did, in fact, possess a liberty interest in a parole hearing. No. 4:10-CV-149-CWR-FKB, 2013 WL 1827765, at *17 (S.D. Miss. Apr. 30, 2013), <u>rev'd,</u> 769 F.3d 309 (5th Cir. 2014); Docket No. 30 at 4. Petitioner's comparison fails for two reasons. First, this decision was reversed at the Fifth Circuit. *See Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309 (5th Cir. 2014). Second, the petitioner in *Wansley* had a much more compelling argument for a parole hearing. In *Wansley*, petitioner was denied a parole hearing because the MDOC mistakenly determined he was sentenced under an enhanced penalty. *Id.* at 310. Here, Petitioner himself is mistaken as to his rights under the governing law.

Petitioner also attempts to strengthen his due process claim by demonstrating perceived contradictions within the Mississippi parole statute, Miss. Code Ann. § 47-7-3. Docket No. 25 at 2. However, there are no contradictions presented, considering those provisions articulating parole availability are limited to persons who are eligible for parole. *See* Miss. Code Ann. § 47-7-3(1). The point of confusion is that the parole statute expresses that convicted prisoners "may be released on parole as set forth herein" and therein states that "[n]o person sentenced for murder . . . shall be eligible for parole." *Id*. Petitioner mistakenly believes that the preamble confers a right to parole, when it merely explains that parole eligibility is articulated later in the statute. For these reasons, Petitioner's due process allegation fails to state a claim that he was deprived of any protected liberty interest.

Petitioner raises new issues in his Objection and Responses, alleging violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments that occurred at his sentencing court, as well as requesting a release from custody pursuant to the Second Chance Act, The Sentencing Reform and Correction Act, and the First Step Act. *See* Docket Nos. 25, 30. Petitioner also

requests this Court to "issue [a] Subpoena for [the] MDOC Parole Board to turn over docket Records from 2011 to 2025 showing [prisoners] with life sentence[s] who have been [granted] parole release or given a parole date, or [docket records of prisoners] who have been [granted] paroled release or given a parole date after they [were] convicted or whose suspended sentence [was] revoked after June 30, 1995." Docket No. 30 at 3. Neither Petitioner's Objection nor Responses are the correct avenues to raise a new claim. As such, this Court did not consider his improperly raised claims.

Finally, Petitioner accurately notes that the Magistrate Judge's R&R cites to the incorrect Mississippi parole statute. Docket No. 30 at 3. Specifically, the R&R erroneously refers to a "Miss. Code Ann. § 47-3-21". Docket No. 22 at 2. Though correct in his discovery, this Court views this inaccuracy as a harmless error that is immaterial to the Magistrate Judge's Report and Recommendation. The Magistrate Judge meant to reference Miss. Code Ann. § 47-7-3, which is cited later in the R&R. The analysis conducted by the Magistrate Judge indicates this was a typo, and the recommendations offered are well-taken.

For these reasons, Petitioner's motions are denied, along with any standalone motions intended to be filed through his Responses in Opposition. The Report and Recommendation is adopted, with all references therein to "Miss. Code Ann. § 47-3-21" to be treated as references to "Miss. Code Ann. § 47-7-3", and Respondents' Motion for Summary Judgment is granted. A separate final judgment shall issue.

**SO ORDERED**, this the 9th day of October, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE